J-S28026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW SEAN LANE | : | |
| | : | |
| Appellant | : | No. 123 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 10, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002575-2019

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                      **FILED JULY 28, 2020**

Appellant, Matthew Sean Lane, appeals from the judgment of sentence following his jury trial convictions for theft of property lost, mislaid, or delivered by mistake (theft of mislaid property) and receiving stolen property.[1] Upon review, we affirm.

The trial court briefly summarized the facts of this case as follows:

On May 10 2019, [Appellant] met [O.B.[2] (the victim)] at her child's school [in] Reading, Berk's County, [Pennsylvania] to give her a ride to work.  On the way, they stopped at a corner store where [the victim] entered the store and [Appellant] waited in the car. [The victim] left her bag in [Appellant's] car.  When she returned, neither [Appellant] nor the car were waiting for her.  She called and texted [Appellant] multiple times and [Appellant] did not answer.  When [the victim] did finally have contact with

---

[1] 18 Pa.C.S.A. §§ 3924 and 3925, respectively.

[2] We use the victim's initials and refer to her as "the victim" to protect her identity.

[Appellant], he told her that he was not going to return her bag and its contents (aka her "stuff").

Trial Court Opinion, 2/6/2020, at 2.

On December 10, 2019, a jury convicted Appellant of the aforementioned charges. The jury valued the stolen property at more than $200.00, but less than $2,000.00. On the same day, the trial court sentenced Appellant to two years of probation for theft of mislaid property. The trial court also ordered Appellant to pay the victim $819.50 in restitution. The receiving stolen property conviction merged for sentencing purposes. The trial court imposed the sentence consecutively to an unrelated sentence Appellant was already serving. On December 17, 2019, Appellant filed a post-sentence motion challenging the weight of the evidence presented at trial. On December 19, 2019, the trial court denied Appellant's post-sentence motion. This timely appeal resulted.[3]

On appeal, Appellant presents the following issue for our review:

Whether the trial court abused its discretion when it permitted a guilty verdict for the charge of theft of property lost, mislaid or delivered by mistake [to withstand a challenge to the weight of the evidence, given that the Commonwealth's only witness, the victim, made inconsistent statements and testified without corroboration?]

Appellant's Brief at 6 (superfluous capitalization omitted).

_____

[3] Appellant filed a timely, counseled notice of appeal on January 16, 2020. Thereafter, Appellant complied timely with the trial court's directives to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 6, 2020.

Appellant claims that his convictions were against the weight of the evidence that the Commonwealth presented at trial. Appellant claims the victim's testimony was so inconsistent that the verdict should shock the conscience of the trial court and this Court. More specifically, in sum, Appellant posits:

> The only witness in the present matter was inconsistent in so many matters that the verdict shocks the conscience. The witness initially reported the crime as a burglary of her apartment. Then it changed to [her] purse [from] the back seat [of Appellant's car]. [...T]he witness told the police and testified under oath at the preliminary hearing that she was picked up at her apartment and abandoned at [her child's] school after going inside. The story changed at trial and the new story was that she was picked up [at her child's school] and she was abandoned at [a] store. On direct examination[,] she testified that they stopped at a store and she went inside to purchase an item for [] Appellant and upon exiting the store found him gone. The story changed on cross[-]examination and the new task was to give a piece of paper from [] Appellant to someone in the store and get an item from that individual. When no item was retrieved, the witness exited the store and found that Appellant had left the scene. These inconsistencies emerged not just on the day of the incident, but weeks later under oath at the preliminary hearing, and months later at trial.

> Further, limited corroborating evidence was submitted to support the witness's story. The Commonwealth presented numerous messages showing a series of missed phone calls. These messages only show that the witness called [] Appellant on numerous occasions and sent him messages after he supposedly abandoned her at either the school or the store. There is no contribution from [] Appellant acknowledging the situation. There is no evidence that Appellant received and viewed these messages beyond a simple assumption that because he had viewed messages in the past he would continue to view them into the future.

- 3 -

No corroborating evidence was offered to substantiate the $400[.00] supposedly stolen. Although [the victim testified] that it was recently withdraw[n] from an ATM, the witness could not speak as to the location of the ATM and did not present any receipts or transaction histories showing the withdrawal.

Appellant's Brief at 15-16.

We adhere to the following standards:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, [our Supreme Court] explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted).

***Commonwealth v. McClelland***, 204 A.3d 436, 447 (Pa. Super. 2019)

*appeal denied*, 217 A.3d 214 (Pa. 2019).

> Here, the trial court determined:
>
> The jury[,] as the trier of fact, had the right to weigh the testimony of each witness and determine [the] evidence it found credible. The jury was free to accept or reject the various theories argued by the Commonwealth and the [d]efense in this case. Defense counsel cross-examined [the victim] about the differences between her trial testimony and initial reports to the police. The defense also questioned whether the bag [at issue] even existed when challenging [the victim's] credibility.
>
> While certainly a disappointment to [Appellant], upon review of the record, the verdict of the jury [did] not come as a shock to [the trial court]. The evidence presented at trial was not contrary to the verdicts of the jury. The jury has the right to weigh the testimony and determine which evidence it finds credible. The jury made factual findings and rendered a verdict of guilty. Therefore, [Appellant] was not deprived of his rights, and this issue has no merit.

Trial Court Opinion, 2/6/2020, at 3 (case citations omitted).

Appellant suggests that we reassess the credibility of the victim and the supporting evidence presented at trial. Based upon our standard of review, however, we may not reweigh trial evidence. We limit our review to the trial court's exercise of discretion in ruling on the weight claim. Upon our review of the certified record, we conclude the judgment was not manifestly unreasonable. The trial court applied the law properly. The record shows the trial court's decision was not the result of partiality, prejudice, bias or ill-will. As such, the verdict does not shock the conscience of the court. Accordingly, we discern no abuse of discretion in the denial of Appellant's challenge to the weight of the evidence presented at trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/28/2020